# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1638

RXEED, LLC,
Appellant

v.

CAREMARK LLC
———————————————

Appeal from the U.S. District Court, D.N.J.
Judge Michael E. Farbiarz, No. 2:24-cv-01111

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 26, 2026; Decided Feb. 3, 2026
———————————————

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. You cannot sue someone for violating your federal rights unless you have federal rights to violate. Rxeed sued Caremark for violating a law that it claims gave it rights. But because nothing in that law even hints at such rights, we will affirm the District Court's dismissal.

The Drug Supply Chain Security Act regulates producers and distributors of prescription drugs. Under one provision, a drug "dispenser" (like a retail drugstore) that "transfers ownership of a" drug must "provide the subsequent owner with [the] transaction history" for that drug. 21 U.S.C. §360eee-1(d)(1)(A)(ii). But the transaction-history requirement

---

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

does not apply when one dispenser sells a drug "to another dispenser to fulfill a specific patient need." *Id.*

Rxeed runs a third-party online marketplace that lets retail drugstores buy and sell drugs, including for specific patient needs. As part of its service, Rxeed makes sellers provide transaction histories as required by federal law. Caremark manages New Jersey's Medicaid prescription-benefits program. In that role, Caremark processes drugstores' reimbursement claims for serving Medicaid patients.

To get reimbursement from Caremark, retail drugstores must provide drug-purchase histories. Rxeed alleges that Caremark has started refusing to accept Rxeed's purchase histories for reimbursement. Rxeed alleges that Caremark has even clawed back reimbursements that it had already made. So Rxeed sued Caremark, claiming that its conduct violated § 360eee-1(d)(1)(A)(ii) and various state laws.

The District Court dismissed that federal claim for failure to state a claim and declined supplemental jurisdiction over the state-law claims. We review de novo and may affirm on any basis in the record. *Host Int'l, Inc. v. MarketPlace, PHL, LLC*, 32 F.4th 242, 247 n.3 (3d Cir. 2022).

Rxeed sued under 42 U.S.C. § 1983, which authorizes lawsuits for violating "any rights, privileges, or immunities secured by the [U.S.] Constitution and laws." To sue under § 1983, a plaintiff must show a violation of his federal right, not just a federal law. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). Not only must the underlying statute "clearly and unambiguously use rights-creating terms," but it "must [also] display an unmistakable focus on individuals like the plaintiff." *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 368

2

(2025) (cleaned up). It is not enough to show that the law "provide[s] a benefit or protect[s] an interest." *Id.*

Rxeed cannot clear this hurdle. The only federal law that it invokes focuses on dispensers and buyers, not third-party platforms like Rxeed. Section 360eee-1(d)(1)(A)(ii) has no language about third-party platforms, let alone rights-creating language or an unmistakable focus on entities like Rxeed. Because "[no]thing short of an unambiguously conferred right" is enough for a §1983 cause of action, Rxeed's claim fails. *Gonzaga*, 536 U.S. at 283. We need not decide whether this provision of the DSCSA grants enforceable rights to dispensers, buyers, or any other entities.

\* \* \* \* \*

Because Rxeed has no enforceable right, amending its complaint would be futile. And Rxeed does not argue that the District Court, after dismissing its federal claim, should have exercised supplemental jurisdiction over its state-law claims. So we will AFFIRM the District Court's dismissal with prejudice.